Staci Jennifer Riordan (SBN 232659)
    sriordan@foxrothschild.com
Jacqueline Lechtholz-Zey (SBN 66481)
    jlechtholzzey@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone:  310-598-4150
Facsimile:   310-556-9828

Attorneys for Defendant,
H&M HENNES & MAURITZ, L.P.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| ESTEVAN ORIOL, an individual, | Case No.: CV 13-05088-R-MAN |
|---|---|
| Plaintiff, | Hon. Manuel L. Real |
| v. | **NOTICE OF MOTION AND MOTION OF DEFENDANT H&M HENNES & MAURITZ L.P. TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| H&M HENNES & MAURITZ L.P., a New York Limited Partnership, | |
| Defendant. | |
| | **[REQUEST FOR JUDICIAL NOTICE; DECLARATION OF STACI JENNIFER RIORDAN; AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]]** |
| | Date:            October 21, 2013 |
| | Time:            10:00 a.m. |
| | Courtroom:   8 |
| | Complaint Filed:   July 16, 2013 |

TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 21, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendant H&M Hennes & Mauritz L.P. ("H&M") will and hereby does move, pursuant to Rule 12(b)(6) of the Federal

1  Rules of Civil Procedure, for an order dismissing, with prejudice, in its favor Plaintiff
2  Estevan Oriol's ("Oriol") Complaint in its entirety.

3      This motion is made on the ground that Plaintiff's claim for relief for copyright
4  infringement ("First Claim") fails for multiple reasons:

5      *First*, the First Claim fails because Plaintiff has failed to plead ownership of a
6  valid copyright.

7      *Second*, the First Claim fails because Plaintiff has not sufficiently alleged that
8  Defendant had access to Plaintiff's works.

9      *Third*, the First Claims fails because the works at issue, as a matter of law, are
10 not substantially similar in copyrightable expression.

11     Moreover, First Claim also fails as a matter of law under either doctrine of
12 merger or *scenes a faire*, or both.

13     Plaintiff's claim for accounting ("Second Claim") fails on the grounds that: (1)
14 it is dependent on the success of the copyright infringement claim; (2) that Plaintiff
15 has failed to properly allege a claim for accounting; and (3) that this claim is
16 preempted by the Copyright Act.  Lastly, Plaintiff's prayer for statutory damages,
17 costs and fees fails pursuant to 17 U. S. C. § 412(2).

18     This motion is based upon this Notice of Motion; the attached Memorandum of
19 Points and Authorities; Request for Judicial Notice; the accompanying Declaration of
20 Staci Jennifer Riordan; [Proposed] Order; all of the pleadings and papers filed herein;
21 and any argument or evidence that may be presented to or considered by the Court
22 prior to its ruling.

23 Dated:  September 6, 2013          FOX ROTHSCHILD LLP

24

25                                   By _____
26                                      Staci Jennifer Riordan
27                                      Jacqueline Lechtholz-Zey
                                        Attorneys for Defendant,
28                                      H&M HENNES & MAURITZ L.P.

1

# Table of Contents

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF FACTS | 2 |
|  | A. Background | 2 |
|  | B. H&M's Design Process | 3 |
|  | C. Plaintiff's Image | 4 |
|  | D. Plaintiff's Complaint | 5 |
| III. | Standard of Review on a Motion to Dismiss | 5 |
| IV. | THE COURT MAY TAKE JUDICIAL NOTICE IN CONNECTION WITH A MOTION TO DISMISS | 6 |
| V. | PLAINTIFF'S FIRST CLAIM FOR COPYRIGHT INFRINGEMENT SHOULD BE DISMISSED | 7 |
|  | A. Plaintiff Has Failed to Plead Ownership of a Valid Copyright | 7 |
|  |    1. Plaintiff has Failed to Plead What Work was Allegedly Infringed | 7 |
|  |    2. Plaintiff's Copyright in Plaintiff's Image is Not Presumed Valid | 8 |
|  |    3. Plaintiff's Photograph Lacks "Originality" and is Thus Not Copyrightable | 8 |
|  | B. To the Extent Plaintiff Has a Copyright in Plaintiff's Image, it is a "Thin Copyright" as a Matter of Law | 10 |
|  | C. Plaintiff Fails to Plead Access | 11 |
| VI. | AS A MATTER OF LAW PLAINTIFF'S IMAGE AND THE H&M T-SHIRT ARE NOT SUBSTANTIALLY SIMILAR | 12 |
|  | A. Plaintiff Fails to Identify Sources of Similarity | 12 |
|  | B. The Extrinsic Test | 13 |
|  |    1. Filtration is Required Prior to Determining Substantially Similar, or Virtually Identical | 14 |
|  |    2. Filtration Reveals That the Images at Issue Are Not Substantially Similar, Let Alone Virtually Identical | 15 |
| VII. | EVEN IF THE COURT FINDS THAT THE WORKS ARE SUBSTANTIALLY SIMILAR, THERE IS NO INFRINGEMENT DUE TO THE DOCTRINES OF MERGER AND *SCENES A FAIRE* | 17 |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ACTIVE 22382506v1 09/06/2013

i

A.  Plaintiff's Claims Fails Pursuant to the Doctrine of Merger and Should be Dismissed .................................................................................................. 17

B.  Plaintiff's Claims Fails Pursuant to the Doctrine of *Scenes a Faire* and Should be Dismissed ................................................................................... 18

VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR AN ACCOUNTING .............. 19

A.  The Accounting Cause of Action is Preempted by the Copyright Act .......... 19

B.  Plaintiff Fails to Properly State A Claim For Accounting .............................. 20

C.  Plaintiff's Accounting Claim is Dependent on the Copyright Infringement Claim ............................................................................................................... 20

IX.  PLAINTIFF FAILS TO STATE A CLAIM FOR STATUTORY DAMAGES, COSTS AND ATTORNEY'S FEES UNDER THE COPYRIGHT ACT ........... 21

X.   CONCLUSION ............................................................................................... 22

1
2

# TABLE OF AUTHORITIES

3

Page(s)

**CASES**

4
5

*Aliotti v. R. Daktin & Co.,*
  831 F. 2d 898, 901 (9th Cir. 1987)… ....................................................................9

6
7

*Apple Computer, Inc. v. Microsoft Corp.,*
  35 F. 3d 1435 (9th Cir. 2002) ........................................................10, 12, 17, 18

8
9

*Art Attacks Ink, LLC v. MGA Entertainment Inc.,*
  581 F. 3d 1138 (9th Cir. 2009) .........................................................................11

10
11

*Ashcroft v. Iqbal,*
  556 U. S. 662, 129 S. Ct. 1937 (2009).............................................................11

12
13

*Bell Atlantic Corp. v. Twombly,*
  550 U. S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........................passim

14

*Berkic v. Crichton,*
  761 F.3d 1289 (9th Cir. 1985) ............................................................................7

15
16

*Bill Diodato Photography, LLC v. Kate Spade, LLC,*
  388 F. Supp. 2d 382 (S. D. N. Y 2005) ............................................................19

17
18

*Bissoon-Dath v. Sony Comp. Entertainment America Inc.,*
  694 F. Supp. 2d 1071 (N. D. Cal. 2010)...........................................12, 13, 14, 15

19
20

*BUC International Corp. v. International Yacht Council Limited,*
  489 F. 3d 1129 ..................................................................................................17

21
22

*Cabell v. Sony Pictures Entertainment, Inc.,*
  714 F. Supp. 2d 452 (2d Cir. 2010)..................................................................10

23
24

*Campbell v. The Walt Disney Co.,*
  718 F. Supp. 2d 1108 (N. D. Cal 2010).............................................................12

25
26

*Capcom Co., Ltd. v. MKR Group, Inc.,*
  2008 WL 4661479 at *3. ....................................................................................6

27

*Cavalier v. Random House, Inc.*
  297 F. 3d 815 (9th Cir. 2002) ..........................................................................11

28

*CDN Inc. v. Kapes*,
　197 F. 3d 1256 (9th Cir.1999) ............................................................17

*Clegg v. Cult Awareness Network*,
　18 F. 3d 752 (9th Cir. 1994) ..............................................................6

*Cory Van Rijin, Inc. v. Cal. Raisin Advisory Board*,
　697 F. Supp. 1136 (E.D. Cal. 1987) ....................................................9

*Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*,
　606 F. 3d 612 (9th Cir. 2010) ............................................................21

*Derek Andrews, Inc. v. Poof Apparel Corp*,
　528 F. 3d 696 (9th Cir. 2008) ............................................................21

*Dumas v. Kipp*,
　90 F. 3d 386 (9th Cir. 1996) ..............................................................6

*Entertainment Research Group v. Genesis Creative Group*
　122 F.3d 1211 (9th Cir. 1997) ............................................................8

*Ets-Hokin v. Skyy Spirit, Inc.*,
　323 F. 3d 763 (9th Cir. 2003) ............................................... 10, 17-18

*Funky Films, Inc. v. Time Warner Entertainment, Inc.*
　462 F. 3d 1072 (9th Cir 2006) ............................................................12

*Frybarger v. International Business Machines Corp.*,
　812 F. 2d 525, 530 (9th Cir. 1987). ....................................................18

*Herbert Rosenthal Jewelry Corp. v. Kalpakian*,
　446 F. 2d 738, 741 (9th Cir. 1971). ................................................9, 18

*Herzog v. Castle Rock Entertainment*,
　193 F. 3d 1241 (11th Cir. 1999) ........................................................13

*Idema v. Dreamworks, Inc.*,
　162 F. Supp. 2d 1129 (C.D. Cal. 2001) ..............................................19

*In re Stac Electronics Securities Litigation*,
　89 F. 3d 1399 (9th Cir. 1996) ............................................................6

*International Biotical Corp. v. Associated Mills, Inc.*,
　239 F. Supp 511 (N. D. Ill 1964) ......................................................9

*Jackson v. Carey*,
    353 F. 3d 750 (9th Cir. 2003) ............................................................................6

*Jason v. Fonda*,
    698 F. 2d 966 (9th Cir. 1982) ..........................................................................11

*Kouf v. Walt Disney Pictures & Television*,
    16 F. 3d 1042 (9th Cir. 1994) ..........................................................................13

*L.A. Printex Industries, Inc. v. Aeropostale, Inc.*,
    676 F. 3d 841 (9th Cir. 2012) ............................................................................7

*Landsberg v. Scrabble Crossword Game Players, Inc.*,
    736 F. 2d 485 (9th Cir.1984) ..........................................................................18

*Lopez v. Smith*,
    203 F. 3d 1122 (9th Cir. 2000) ..........................................................................6

*Lucky Break Wishbone Corp. v. Sears Roebuck and Co.*,
    528 F. Supp. 2d 1106 (W. D. Wash. 2007) ....................................................10

*Mattel, Inc. v. Azark-Hamway International, Inc.*,
    724 F. 2d 357 (2d Cir. 1982) ............................................................................9

*Morrill v. Smashing Pumpkins*,
    157 F. Supp. 2d 1120 (C.D. Cal. 2001) ............................................................8

*National Business Development Services, Inc. v. American Credit Education &*
   *Consulting, Inc.*,
    299 Fed. App'x 509, 2008 WL 4772074 (6th Cir. 2008)................................ 5-6

*Raymond v. Independent Growers, Inc.*,
    133 Cal. App. 2d 154 (1955) ..........................................................................20

*Reece v. Island Treasures*,
    468 F. Supp. 2d 1197 (D. Haw. 2006).................................................... 14-16, 19

*Satava v. Lowry*,
    323 F. 3d 805 (9th Cir. 2003) ..................................................................8, 9, 10

*See v. Durang*,
    711 F. 2d 141 (9th Cir. 1983). ......................................................................18

*Shaw v. Lindheim,*
  919 F. 2d 1353 ................................................................. 17-18

*Shwarz v. U.S.,*
  234 F. 3d 428 (9th Cir. 2000) ........................................... 13

*Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.,*
  562 F.2d 1157 (9th Cir. 1977) .......................................... 8

*St. James Church of Christ Holiness v. Superior Court,*
  135 Cal. App. 2d 352 (1955) ............................................ 20

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Systems, Inc.,*
  7 F. 3d 1434 (9th Cir. 1993) ............................................. 20

*Three Boys Music Corp. v. Bolton,*
  212 F. 3d 477 (9th Cir. 2000) ........................................... 11

*Western Mining Council v. Watt,*
  643 F. 2d 618 (9th Cir. 1981) ............................................ 6

*Zella v. The E.W. Scripps Co.,*
  529 F. Supp. 2d 1124 (C. D. Cal. 2007) ......................... 6, 12

STATUTES

17 U. S. C. § 410 (c) ........................................................... 8

17 U. S. C. § 411 ................................................................ 7

17 U. S. C. § 412(2) ....................................................... 21-22

17 U. S. C. § 504 .............................................................. 21

17 U. S. C. § 504 (c)(1) ..................................................... 21

17 U. S. C. § 505 .............................................................. 21

OTHER AUTHORITIES

M. B. Nimmer & David Nimmer,
  NIMMER ON COPYRIGHT (2013) ................................... passim

Rule 8(a) ........................................................................... 6

1

Rule 12(b)(6)................................................................................................ 5-6

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Estevan Oriol ("Plaintiff") has sued Defendant H&M Hennes & Mauritz L.P. ("H&M") for copyright infringement and accounting relating to Defendant's creation and sale of a t-shirt with an image of a hand gesture on it ("Complaint"). Plaintiff's allegations are untrue and this action is without merit.[1]

It has become apparent that Plaintiff only filed this action to win himself five minutes of fame on certain popular weblogs. He also issued a self-aggrandizing press release which wildly mischaracterizes this action in a scheme to further inflate his short-lived celebrity.

If Plaintiff were truly interested in protecting his alleged intellectual property, he would have sent a cease and desist letter. Even though H&M denies each and every allegation in the Complaint, and those made to the press, it attempted early resolution for efficiency reasons and to promote economy. H&M's efforts were rejected.

No amount of "spin" will change the fact that as a matter of law, Plaintiff's claims are invalid. The Court should grant Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion") for the following specific reasons, each of which is dispositive:

*First,* Plaintiff has failed to plead ownership of a valid copyright in the photograph allegedly infringed. He fails to allege or reference actual copyright registration for the photograph, and even if such registration were sufficiently alleged, Plaintiff's copyright in the subject material would not be presumed valid. To the contrary, Plaintiff's photograph—which depicts a pair of human hands making a self-identifying gesture —is insufficiently original to warrant copyright protection.

*Second*, the allegedly infringed material and the allegedly infringing material are not substantially similar as a matter of law. The Complaint fails to identify any

---

[1] But for this Court's exclusive jurisdiction over copyright actions, the amount at issue does not even meet the jurisdiction limit of the Court.

1  sources of similarity, and a cursory application of the extrinsic similarity test shows
2  that the protectable elements of Plaintiff's photograph are not even comparable to the
3  protectable elements of Defendant's image.

4      *Third*, the doctrines of merger and *scenes a faire* render Plaintiff's claims
5  invalid as a matter of law.  Pursuant to the doctrine of merger, Plaintiff's photograph
6  does not warrant copyright protection because the idea of photographing a person
7  using her hands to make a particular gesture, and the expression of that same idea, are
8  indistinguishable.  Accordingly, granting copyright protection of the expression would
9  violate the precept that ideas are unprotectable.  Likewise, pursuant to the doctrine of
10 *scenes a faire*, Plaintiff's photograph is not protectable because the expression
11 embodied in his photograph necessarily flows from a commonplace—and therefore
12 unprotectable—idea, namely the use of human hands to make a gesture.

13     For these reasons, or any single one of them, the Court should dismiss
14 Plaintiff's sloppy and inaccurate Complaint *without* leave to amend.

15 **II.    STATEMENT OF FACTS**

16     **A.    Background**

17     H&M is a design-driven fashion brand which strives to provide its customers
18 with fashion forward, quality garments at the best prices possible.  Declaration of
19 Staci Jennifer Riordan ("Riordan Decl."), ¶ 2; Exhibit A.  It designs and delivers
20 multiple collections every year, which are created in accordance with current fashion
21 trends.  *Id.*; Complaint ¶ ¶ 19 & 21.

22     As a follower of current trends, and a trend-setter itself, H&M found that items
23 that evoke the Los Angeles lifestyle are popular with its customers.  Over the past
24 several seasons, H&M has sold numerous styles of graphic print t-shirts containing
25 images of Los Angeles.  Riordan Decl. ¶ 3; Exhibit B.

26     Additionally, H&M is active on social media and follows social media trends.
27 Current research demonstrated a trend of individuals documenting their life by having
28 pictures taken of themselves in various activities and posting those images to social

1  media.  These self-photos are so common, that on August 28, 2013, the Oxford

2  dictionary added "Selfie" as a defined word.[2]

3      Many of those photos contain images of individuals making hand gestures,

4  posing their fingers so that they read "L.A." to the viewer (hereinafter, "LA Sign").

5  This signal is called "throwing-up" the LA Sign in urban slang.  Riordan Decl., ¶ 4;

6  Exhibit B.  Hand signals have been used for centuries as a form of speech in that

7  signals are a way for people to communicate without words.  All sorts of

8  organizations use them, *inter alia*, from the military to bicycle riders, from stock

9  traders to members of secret societies, and from NFL officials to dog trainers.  *Id.*

10     The LA Sign is a form of self-expression and a way for today's young adults to

11  identify themselves—either with the city of Los Angeles or the lifestyle it represents.

12  Seeking to combine these two trends—Los Angeles and self-identification—H&M

13  designed the t-shirt attached as Exhibit 2 to the Complaint ("H&M T-Shirt").

14  **B.  H&M's Design Process**

15     H&M's design team controls the design and manufacture of the items offered

16  for sale in its stores.  Compl. ¶ 21.  H&M began the design process for the H&M T-

17  Shirt in July 2012 by conducting Google and Instagram image searches for

18  inspiration.  The design team next selected several images from each search to come

19  up with "design boards."  Plaintiff's image was not selected for these design boards.

20  In fact, H&M had never heard of Plaintiff prior to this action.  Riordan Decl., ¶ 5;

21  Exhibit D.

22     Next, the H&M design team engaged in a five step process to create the H&M

23  T-Shirt.  Riordan Decl., ¶ 6; Exhibit E.  First, H&M took a picture of the hands of a

24  member of its design team.  *Id.* at Stage 1.  Next, it removed all of the background of

25  the H&M Photograph, but for the hands.  *Id.* at Stage 2.  Third, H&M converted the

26  H&M Photograph from color to black and white using Photoshop.  *Id.* at Stage 3.

27  Fourth, H&M took a photo of the tattoo, which belongs to the same individual whose

28  [2]  http://blog.oxforddictionaries.com/2013/08/new-words-august-2013/.

1  hands are in the image. *Id.* at Stage 4.  Finally, H&M added this tattoo to the wrist on

2  the right side of the H&M photograph, again using Photoshop. *Id.* at Final.

3       Once the design process was completed, the H&M T-Shirt was put into

4  production and was shipped to its stores for Spring 2013 delivery.  Compl. ¶ 21;

5  Riordan Decl., ¶ 7.  To date, less than 1800 units of the H&M T-Shirt have been sold.

6  Riordan Decl., ¶ 7.

7      **C.**    **Plaintiff's Image**

8       Plaintiff Oriol Estevan Oriol ("Plaintiff") is the son of Eriberto Oriol ("Mr.

9  Oriol"), a well-known photographer of Los Angeles Graffiti and the Graffiti Artists

10  who create it.  Compl. ¶6.  Some of Mr. Oriol's most widely-recognized photographs

11  are of the work of graffiti artist Richard Wyrgatsch II p/k/a "Slick."[3]  Riordan Decl., ¶

12  8; Exhibit F.  Slick, among other ventures such as his various clothing brands, is

13  famous for creating "L.A. Hands" in or about the 1980's.[4]  Riordan Decl., ¶ 9; Exhibit

14  G.

15       Clearly inspired by Slick's famous work "L.A. Hands," Plaintiff instructed a

16  female model to use her fingers to create the same LA Sign featured in this work, and

17  alleged that he captured the image attached to the Complaint as Exhibit 1 sometime in

18  1995 ("Plaintiff's Image").  Complaint ¶¶ 10 & 17.

19       Plaintiff avers that Plaintiff's Image was first published in 1998 and was later

20  used on a t-shirt in 2006.  Complaint ¶¶ 11 & 13; Riordan Decl., ¶ 10; Exhibit H.

21       Plaintiff alleges that he registered the Copyright to Plaintiff's Image on June 7,

22  2013. Compl. ¶ 17.  A search by H&M's counsel on the U.S. Copyright Office's

23  catalog did not return a registration with the number VA-1-946653021.  Riordan

24  Decl., ¶ 11; Exhibit I.  In fact, VA-1-946653021 is not the form of any number used

25

26

27  [3]  http://www.forbiddenartla.com/main/FeatureArtist_Slick.html.

28  [4]  http://www.kcet.org/arts/artbound/counties/los-angeles/this-is-slick-a-conversation-with-graffiti-writerclothing-designer-slick.html.

1  by the Copyright office, but most closely resembles a Service Request Number which

2  takes the form of 1-XXXXXXXXX.[5]

3      **D.**    **Plaintiff's Complaint**

4      On or about July 16, 2013 Plaintiff filed the Complaint against H&M for two

5  causes of action:  (1) Copyright Infringement and (2) Accounting.  The gravamen of

6  both causes of action is that the H&M Photograph infringes on Plaintiff's Image.

7      On August 28, 2013, Plaintiff issued a self-aggrandizing press release,

8  ostensibly in hopes of extending his five minutes of fame. Riordan Decl., ¶ 12; Exhibit

9  J.

10      For the reasons more fully set forth below, the Complaint is fatally flawed as

11  Plaintiff fails to plead ownership of a valid copyright, fails to plead sufficient facts to

12  show that H&M accessed Plaintiff's Image, and fails to allege that the works at issue

13  are substantially similar copyrightable expression.  The Complaint also fails as a

14  matter of law under either doctrine of merger or *scenes a faire*, or both.

15      Accordingly, H&M now brings this motion to dismiss, requesting the Court

16  dismiss the Complaint in its entirety, or in the alternative, dismiss the cause of action

17  for copyright infringement and/or the cause of action for accounting and/or the prayer

18  for statutory damages, costs and attorney's fees.

19  **III.**    **STANDARD OF REVIEW ON A MOTION TO DISMISS**

20      Rule 12(b)(6) exists to weed out undeserving complaints before parties engage

21  in expensive discovery. *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 555-559, 127

22  S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ("*Twombly*").  This is particularly important in

23  copyright infringement actions, which "lend[] [themselves] readily to abusive

24  litigation, since the high cost of trying such a case can force a defendant who might

25  otherwise be successful in trial to settle in order to avoid the time and expenditure of a

26  resources intensive case." *National Business Development Services, Inc. v. American*

27  *Credit Education & Consulting, Inc.,* 299 Fed. App'x 509, 2008 WL 4772074 *2 (6th

28  ────────────

[5]  *See* generally, www.copyright.gov.

1    Cir. 2008). Thus, while Rule 8(a) only requires a "short plain statement of the claim,"

2    a complaint for copyright infringement has a heightened pleading standard that

3    requires a plaintiff to give a defendant fair notice of a legally cognizable claim and the

4    grounds upon which the claim rests. *Twombly,* 550 U. S. at 555.

5        On a motion to dismiss, all allegations of material fact in the complaint are

6    taken as true, and a court "is not required to accept legal conclusions in the form of

7    factual allegations if those conclusions cannot reasonably be drawn from the facts

8    alleged." *Clegg v. Cult Awareness Network*, 18 F. 3d 752, 754 (9th Cir. 1994);

9    *Western Mining Council v. Watt*, 643 F. 2d 618, 623 (9th Cir. 1981); *Zella v. The E.W.*

10   *Scripps Co.*, 529 F. Supp. 2d 1124, 1127-1128 (C. D. Cal. 2007). "Threadbare recitals

11   of the elements of a cause of action, supported by mere conclusory statements," are

12   not entitled to a presumption of truth. *Twombly,* 550 U.S. at 555.

13        When amendment of a complaint would be futile, dismissal should be ordered

14   with prejudice. *Dumas v. Kipp*, 90 F. 3d 386, 393 (9th Cir. 1996); *Lopez v. Smith*, 203

15   F. 3d 1122, 1127 (9th Cir. 2000); *Jackson v. Carey*, 353 F. 3d 750, 758 (9th Cir. 2003)

16   (dismissal without leave to amend appropriate when Court is satisfied that the

17   deficiencies in the complaint could not be cured by amendment).

18        Here, Plaintiff's causes of action for copyright infringement, accounting and his

19   prayer for relief should be dismissed for failing to state a claim for which relief can be

20   granted.

21 **IV.   THE COURT MAY TAKE JUDICIAL NOTICE IN CONNECTION**

22       **WITH A MOTION TO DISMISS**

23        In ruling on a 12(b)(6) motion, a court can consider documents referenced in

24   the complaint, even if they are not attached to the Complaint. *In re Stac Electronics*

25   *Securities Litigation*, 89 F. 3d 1399, 1405, n. 4 (9th Cir. 1996); *Zella*, 529 F. Supp. 2d

26   at 1128; *Capcom Co., Ltd. v. MKR Group, Inc.*, 2008 WL 4661479 at *3; *Thomas*,

27   2008 WL 425647 at *2, n. 1.

28   ///

---

## V.   **PLAINTIFF'S FIRST CLAIM FOR COPYRIGHT INFRINGEMENT SHOULD BE DISMISSED**

To successfully plead a copyright infringement claim, in addition to pleading ownership of the copyright, the plaintiff must establish: (1) the defendant's access to the copyrighted work, and (2) substantial similarity between the copyrighted work and the allegedly infringing material. *Berkic v. Crichton*, 761 F. 3d 1289, 1291-92 (9th Cir. 1985).  Here, the Complaint fails to properly plead ownership, access and substantial similarity.  Thus the Complaint fails and H&M's motion to dismiss must be granted.

### A.   **Plaintiff Has Failed to Plead Ownership of a Valid Copyright**

#### 1.   **Plaintiff has Failed to Plead What Work was Allegedly Infringed**

While Copyright registration is not a precondition to copyright protection, it is a precondition to filing an action for copyright infringement.  17 U. S. C. § 411; *L.A. Printex Industries, Inc. v. Aeropostale, Inc.*, 676 F. 3d 841, 852 (9th Cir. 2012).  Here, the Copyright office has not issued a certificate of registration for Plaintiff's Image. Complaint ¶ 17.  The number cited in the Complaint, VA-1-946653021, is a service request number given to submitted applications by the Copyright Office, not a registration number.  *Id.*

The Complaint seems to imply that Exhibit A is the deposit material submitted with Plaintiff's copyright application.  *Id.*  However, a copy of the submitted application is not attached to the Complaint.  Nor does it allege that Exhibit 1 is the deposit material submitted to the Copyright Office.

Confusion as to what photograph is claimed to be infringed is compounded when examining the image on Plaintiff's t-shirt, which contains a different photograph than Plaintiff's Image.  Compl. ¶ 13; Riordan Decl., ¶ 10; Exhibit H.

Given the facts as plead, Defendant is left to guess as to what work is covered by Plaintiff's claimed copyright, if any, and what exactly it allegedly infringed.  Thus,

1  the Complaint must be dismissed as it fails to offer "fair notice of a legally cognizable

2  claim and the grounds upon which the claim rests." *Twombly,* 550 U. S. at 555.

3      **2.     Plaintiff's Copyright in Plaintiff's Image is Not Presumed**

4          **Valid**

5          The Copyright Office does not have an examination process similar to those of

6  the Trademark Office or the Patent Office.  Thus, it is likely that Plaintiff will

7  eventually be issued a copyright registration.

8          Said registration, if received, will not constitute *prima facie* evidence of the

9  validity of a copyright, as registration will be obtained more than five years after

10  initial publication.  17 U. S. C. § 410 (c); Complaint ¶¶ 11 &17.  Thus, Plaintiff's

11  ownership of the copyright is not presumed.  *Entertainment Research Group v.*

12  *Genesis Creative Group* 122 F. 3d 1211, 1217 (9th Cir. 1997); *Morrill v. Smashing*

13  *Pumpkins*, 157 F. Supp. 2d 1120, 1125 (C.D. Cal. 2001) ("A certificate of registration

14  is prima facie evidence of the validity of the copyright only if registration occurred

15  'before or within five years after first publication of the work.'") (*citing* 17 U. S. C §

16  410 (c)).

17          Accordingly, even if a registration issues, the evidentiary weight of the

18  registration, including originality and compliance with statutory formalities and

19  copyrightability, is within the Court's discretion.  1 M. B. Nimmer & David Nimmer,

20  NIMMER ON COPYRIGHT, § 2.11 [A][B], at 2–130 (1999).

21      **3.     Plaintiff's Photograph Lacks "Originality" and is Thus Not**

22          **Copyrightable**

23          "It is an axiom of copyright law that the protection granted to a copyrighted

24  work extends only to the particular expression of the idea and never to the idea itself."

25  *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F. 2d

26  1157, 1163 (9th Cir. 1977).  "Expressions that are standard, stock or common to a

27  particular subject matter or medium are not protectable under copyright law." *Satava*

28

---

1 | *v. Lowry*, 323 F. 3d 805, 812 (9th Cir. 2003) *citing See v. Durang*, 711 F. 2d 141, 143
2 | (9th Cir. 1983).

3 |      For example, in *Satava*, the court held that the artist had no protection in a
4 | glass-in-glass jellyfish sculpture or the elements of expression that naturally follow
5 | from the idea of such sculpture because the elements chosen by the artist were so
6 | typical of jellyfish physiology that to recognize protection would grant the artist a
7 | monopoly. *Satava*, 323 F. 3d at 810-12. The *Satava* court explained that Satava may
8 | not prevent others from depicting various body parts of jellyfish as jellyfish
9 | necessarily "possess those body parts" *Id.* at 811.

10 |      Similarly, in *Aliotti v. R. Daktin & Co.*, the court held no copyright protection
11 | could be afforded to the idea of producing stuffed dinosaur toys or to the elements of
12 | expression that necessarily follow from the idea of such toys. 831 F. 2d 898, 901 (9th
13 | Cir. 1987). Further, the *Aliotti* court instructed that it is improper for an artist to rely
14 | "upon any similarity in expression resulting from either the physiognomy [of the
15 | living creature] or from the nature of the expression." *Id.*

16 |      Additionally, in *Herbert Rosenthal Jewelry Corp. v. Kalpakian ("Kalpakian")*,
17 | the court held "any inference of copying based upon similar appearance" loses its
18 | strength when both works are lifelike expressions of natural beings. 446 F. 2d 738,
19 | 741 (9th Cir. 1971).

20 |      Here, both Plaintiff's Image and H&M's Photograph depict a human being
21 | creating the LA Sign in front of their body in a vertical orientation. Both are both shot
22 | by a third party from approximately chest level, and as more fully described above,
23 | are used to self-identify and communicate.

24 |      Similar to *Satava*, *Aliotti*, and *Kalpakian*, the Court should find that Plaintiff is
25 | prohibited from preventing others from photographing images of living beings and the
26 | body parts that they naturally possess in a self-identifying manner as the nature of
27 |
28 |

1  expression follows the idea.[6]  Thus, Plaintiff's Image is not an expression that

2  warrants copyright protection.  If the Court were to hold otherwise, it would grant

3  Plaintiff a monopoly over the LA Signs, could quash the self-expression of today's

4  young adults and their ability to communicate, and might run afoul of the First

5  Amendment.  Accordingly, H&M respectfully requests that the Complaint be

6  dismissed.

7  **B.    To the Extent Plaintiff Has a Copyright in Plaintiff's Image, it is a**

8  **"Thin Copyright" as a Matter of Law**

9  To the extent artistic choices are not governed by physiology or by the medium

10 of art, they are original elements that receive "thin" copyright protection.  *Satava*, 323

11 F. 3d at 812.  "Put another way, a thin copyright 'compris[es] no more than [the

12 artist's] original contribution to ideas already in the public domain.'"  *Lucky Break*

13 *Wishbone Corp. v. Sears Roebuck and Co.*, 528 F. Supp. 2d 1106, 1123-1124 (W. D.

14 Wash. 2007) (*quoting Satava*, 323 F. 3d at 812).

15 Here, if the Court determines that Plaintiff has contributed some original

16 expression to the idea of a human being forming the LA Sign, the Court should hold

17 that Plaintiff has a "thin" copyright in any such original element(s) as a matter of law.

18 *Satava*, 323 F. 3d at 812.

19 Thus, Plaintiff must prove virtual identity to succeed on his infringement claim.

20 *Id.*  ("Satava possess a thin copyright that protects against only virtually identical

21 copying.");  *Ets-Hokin v. Skyy Spirit, Inc.*, 323 F. 3d 763, 766 (9th Cir. 2003) (held

22 Ets-Hokin has a "'thin' copyright which protects against only virtually identical

23 copying");  *Apple Computer, Inc. v. Microsoft Corp.*, 35 F. 3d 1435, 1439 (9th Cir.

24

---

25 [6] *See also, International Biotical Corp. v. Associated Mills, Inc.*, 239 F. Supp. 511,
   514 (N. D. Ill 1964) (a copyright in photograph does not create a monopoly for
26 plaintiff in common human poses); *Mattel, Inc. v. Azark-Hamway International, Inc.*,
   724 F. 2d 357, 360 (2d Cir. 1982) (fighting pose unprotectible idea under copyright
27 law); *Cory Van Rijin, Inc. v. Cal. Raisin Advisory Board*, 697 F. Supp. 1136, 1145 (E.
   D. Cal. 1987); (humanized raisin an unprotectable idea); *Cabell v. Sony Pictures*
28 *Entertainment, Inc.*, 714 F. Supp. 2d 452 (2d Cir. 2010) (wielding a blow dryer as a
   weapon is unprotectable idea).

1  2002) ("when the range of protectable expression is narrow, the appropriate standard
2  for illicit copying is virtual identity").

3      **C.    Plaintiff Fails to Plead Access**

4      Pursuant to the pleading requirements under *Twombly*, a court may dismiss a
5  claim where a plaintiff fails to allege facts showing that a defendant had access to the
6  Plaintiff's work.  550 U. S at 555-559; *Cavalier v. Random House, Inc*. 297 F. 3d 815,
7  822 (9th Cir. 2002).  To properly plead access, a plaintiff must allege that a defendant
8  had a reasonable opportunity to view plaintiff's work.  *Three Boys Music Corp. v.*
9  *Bolton*, 212 F. 3d 477, 482 (9th Cir. 2000).  A "bare possibility of access is not
10 enough."  *Jason v. Fonda*, 698 F. 2d 966, 967 (9th Cir. 1982).  Thus, a "mere
11 speculation or conjecture" is insufficient to establish access.  4 M.B. Nimmer & D.
12 Nimmer, NIMMER ON COPYRIGHT § 13.02[A] (2013).

13     In the Complaint, Plaintiff generally claims that he is a well-known
14 photographer and that Plaintiff's Image was first published in 1998.  Compl. ¶¶ 6-8 &
15 11.  Plaintiff goes on to conclude, without substantiation, that Plaintiff's Image is a
16 "highly known unique and iconic photograph representing Los Angeles."  Yet,
17 Plaintiff never explains how H&M's design team accessed Plaintiff's Image.  Compl.
18 ¶ 21.  This is a fatal flaw.

19     Plaintiff cannot plead that there is a "chain of events that link the plaintiff's
20 work and the defendant's access" because no such chain exists.  *Art Attacks Ink, LLC*
21 *v. MGA Entertainment Inc*., 581 F. 3d 1138, 1143 (9th Cir. 2009).  Indeed, H&M had
22 never heard of Plaintiff until this action was filed.  Riordan Decl. ¶ 5.

23     Because of his inability to meet the pleading standard, Plaintiff relies on
24 conclusory allegations and states: "H&M used the LA Fingers photograph to create a
25 derivative and substantially similar image that it used on one or more H&M T-Shirt's
26 that it sold and is currently selling."  Compl. ¶ 22.  This vague allegation is merely
27 speculation and is devoid of factual support.  Where a plaintiff fails to allege specific
28 facts, the infringement complaint should be dismissed for failure to plead access.

1   *Ashcroft v. Iqbal*, 556 U. S. 662, 129 S. Ct. 1937, 1949 (2009).  Accordingly,

2   Plaintiff's copyright infringement claims fails and should be dismissed.

3   **VI.   AS A MATTER OF LAW PLAINTIFF'S IMAGE AND THE H&M T-**

4   **SHIRT ARE NOT SUBSTANTIALLY SIMILAR**

5         As set forth above, Plaintiff failed to plead valid ownership and access.  Even if

6   these defects can be cured, which Defendant contends they cannot, the Complaint still

7   must be dismissed as the works at issue are not substantially similar, let alone virtually

8   identical.[7]

9         To determine substantial similarity, a plaintiff must satisfy both an "extrinsic"

10  test and an "intrinsic" test.  *Funky Films, Inc. v. Time Warner Entertainment, Inc*. 462

11  F. 3d 1072, 1077 (9th Cir 2006).  On a motion to dismiss, only the extrinsic test is

12  relevant.  *Zella v. The E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1133, n. 8 (C. D. Cal.

13  2007).  The comparison must focus on "specific, concrete elements" of expression

14  rather than generalizations.  *Bissoon-Dath v. Sony Comp. Entertainment America Inc*.,

15  694 F. Supp. 2d 1071, 1079 (N. D. Cal. 2010), *aff'd and adopted by*, 653 F. 3d 898

16  (9th Cir. 2011) (published without opinion).  Where a plaintiff fails to satisfy the

17  extrinsic test, the complaint will be dismissed.  *Campbell v. The Walt Disney Co.,* 718

18  F. Supp. 2d 1108, 1116 (N. D. Cal 2010).

19        The extrinsic test compares only the concrete, protectable elements of the

20  works.  The burden is on the Plaintiff to "identify the *source(s)* of the alleged

21  similarity between his work and the defendant's work."  *Apple Computer*, 35 F. 3d at

22  1443 (emphasis in original); *Funky Films,* 462 F. 3d at 1072.  As set forth below,

23  Plaintiff fails to meet his burden and the Complaint must be dismissed.

24        **A.   Plaintiff Fails to Identify Sources of Similarity**

25        The Complaint fails to identify any sources of similarity between Plaintiff's

26  Image and H&M's Photograph.  Instead, Plaintiff draws legal conclusions in his

27  _____

28  [7]  Assuming, *arguendo*, if the substantial similarity is not satisfied, Plaintiff will fail to meet the higher standard of Virtual Identity.

1   Complaint, such as: (1) the H&M Photograph "is both derivative of the LA Fingers
2   photograph and is substantially similar thereto" (Compl. ¶ 23); (2) that "dissection of
3   ORIOL's LA Fingers photograph's original expressive elements, separate from any
4   unprotected content, establishes that an ordinary observer examining the two works
5   would see H&M's version as a wrongful appropriation of ORIOL's protected
6   expression" (Compl. ¶ 24); and (3) "a holistic comparison of ORIOL's LA Fingers
7   photograph and the H&M Recreated Image (Exhibit "2") would lead any ordinary
8   observer to regard the two photographs [sic] aesthetic appeal as the same." Compl. ¶
9   25.

10       As Plaintiff fails to plead any of the "original expressive elements" that H&M
11  allegedly used in the H&M Photograph, the Complaint fails to state a claim and must
12  be dismissed.

13  **B.    The Extrinsic Test**

14       Even if Plaintiff had properly identified sources of similarity, his cause of
15  action for copyright infringement still fails as a matter of law because the works are
16  not substantially similar.[8]  Accordingly, the cause of action for copyright
17  infringement must be dismissed.

18       The operative inquiry is not how Plaintiff characterizes the image, but whether,
19  when analyzed under the extrinsic test, the two works are substantially similar.  This
20  entails a comparison between the works themselves, independent of the allegations in
21  the Complaint.  *Kouf v. Walt Disney Pictures & Television*, 16 F. 3d 1042, 1045 (9th
22  Cir. 1994); *Herzog v. Castle Rock Entertainment*, 193 F. 3d 1241, 1247 (11th Cir.
23  1999); *Shwarz v. U.S.*, 234 F. 3d 428, 435 (9th Cir. 2000) (no need to accept truth of
24  allegations in conflict with judicially noticed material).  Before comparing the works,
25  the court will dissect and filter out unprotected elements such as ideas in the public
26  domain.  *Bissoon-Dath*, 694 F. Supp. 2d at 1079.

27  ///

28  [8]  *Id.*

1
2

### 1. Filtration is Required Prior to Determining Substantially Similar, or Virtually Identical

3   After filtering out the unprotectable elements (including the non-original

4   elements as discussed in Section V.A.3 above),[9] the Court must analyze remaining

5   protectable elements of a photograph, if any, which could include "lighting, selection

6   of film and camera, angle of photograph, and determination of the precise time when

7   the photograph is to be taken."  1 Melville B. Nimmer & David Nimmer, NIMMER ON

8   COPYRIGHT, § 2.08[E][1], at 2–130 (1999);  *Reece v. Island Treasures Art Gallery,*

9   *Inc.*, 468 F. Supp. 1197 at 1206 (D. Haw. 2006) (protectable elements of a

10   photographer's work could include "selection of subject, posture, background,

11   lighting, and perhaps even perspective alone").

12   Assuming, *arguendo*, that Plaintiff's Image is sufficiently original to warrant

13   copyright protection, and Plaintiff does not have a thin copyright as contended by

14   H&M, Plaintiff's copyright in Plaintiff's Image only extends to the protectable

15   elements of the photograph.

16   The analysis in *Reece*, is instructive on how to apply this criteria.  468 F. Supp.

17   2d at 1197.  In *Reece*, the court compared a photograph of a hula dancer and a stained

18   glass artwork depicting a hula dance, which at first blush appeared very similar.  *Id.* at

19   1206-1209.  But once the *Reece* court filtered out the unprotectable elements and

20   compared the isolated protected elements to the alleged infringing work, the court

21   held that the "differences are clear." *Id.* at 1207.

22   For example, the *Reece* court determined:

23   • the angle of the dancers' bodies varied slightly;

24   • the dancers both wore leis, but the size, thickness and selection were

25   different;

26

---

27   [9]  In the context of analyzing a photograph, some courts first use the idea/expression dichotomy to make a determination of originality, and some use the same

28   idea/expression analysis as part of the filtration process. *Reece*, 468 F. Supp. 2d at 1205.

1    • the cloth worn by each dancer was worn in the same style but one was a

2        printed fabric and the other one was solid fabric;

3    • one dancer had a more serious facial expression and in the other image

4        you could not make out the features of the face; and

5    • while both dancers had dark windblown hair, one dancer's hair was

6        shorter and more bluntly cut.

7

8

9

10 
11
12 
13
14
15
16
17

18 *Reece*, 468 F. Supp. 2d at 1207-8.

19    Thus, the *Reece* court ultimately concluded that "Plaintiff has failed to

20 demonstrate that the protected elements of Plaintiff's photograph are substantially

21 similar to the stained glass artwork." *Id.*at 1208.  In concluding its extrinsic analysis,

22 the *Reece* court held in "the context of 'thin' protection [the works at issue] are not

23 virtually identical." *Id.*

24          **2.**    **Filtration Reveals That the Images at Issue Are Not**

25                **Substantially Similar, Let Alone Virtually Identical**

26    When the Court undertakes the same analysis as in *Reece*, it too should

27 conclude that there is no substantial similarity between Plaintiff's Image and H&M's

28

1   Photograph.  As in *Reece*, once the unprotectable elements are filtered out, and the
2   protectable elements compared, the differences in the works at issue are clear.

3      For example, *inter alia*:

4      • The subject of Plaintiff's Image is a female and H&M's subject is male;
5      • Plaintiff's Image depicts a woman's slender hands, including very long
6         fingernails and delicate jewelry.  The H&M Photograph depicts shorter,
7         stubbier fingers belonging to a man, with short fingernails.  He wears
8         thick, chunky jewelry, notably depicting a skull and bones.  His wrist
9         also bears a tattoo, not present in Plaintiff's Image;
10     • In Plaintiff's Image, the image includes dark negative space, and the
11        subject's blurred body in the background.  In contrast, the H&M
12        Photograph is surrounded by pure white space and no subject's body; and
13     • In Plaintiff's Image, the woman's "A" hand drops straight down, and her
14        remaining fingers on the "L" hand point straight down.  However, in the
15        H&M Photograph, the man's "A" hand is angled at approximately 45
16        degrees, and his remaining fingers on the "L" hand are tightly curled in.



27     Accordingly, as in *Reece*, the differences between the potentially protectable
28  elements of the two images in question are too numerous for a finding of substantial

1   similarity under the extrinsic test.  Moreover, the works at issue are not virtually

2   identical, as required for images with "thin" copyright protection.

3        Thus, H&M respectfully requests that Plaintiff's cause of action for copyright

4   infringement be dismissed as a matter of law.

## VII.   EVEN IF THE COURT FINDS THAT THE WORKS ARE SUBSTANTIALLY SIMILAR, THERE IS NO INFRINGEMENT DUE TO THE DOCTRINES OF MERGER AND *SCENES A FAIRE*

### A.   Plaintiff's Claims Fails Pursuant to the Doctrine of Merger and Should be Dismissed

10        As stated in Section V.A.3, above, copyright protects expression and not ideas.

11   "In some circumstances, however, there is a 'merger' of idea and expression, such that

12   a given idea is inseparably tied to a particular expression."  4 M. & D. Nimmer,

13   NIMMER ON COPYRIGHT § 13.03 [B][3].

14        Under the doctrine of merger, "courts will not protect a copyrighted work from

15   infringement if the idea underlying the copyrighted work can be expressed in only one

16   way, lest there be a monopoly on the underlying idea.  *CDN Inc. v. Kapes*, 197 F. 3d

17   1256, 1261 (9th Cir.1999).  In such an instance, "it is said that the work's idea and

18   expression 'merge.'"  *Skyy*, 225 F. 3d at 1082; *BUC International Corp. v.*

19   *International Yacht Council Limited*, 489 F. 3d 1129. 1143 (11th Cir. 2007) (the

20   merger "doctrine holds that when there are so few ways of expressing an idea, not

21   even the expression is protected by copyright.").

22        Further, "when an idea and its expression are indistinguishable, or 'merged,' the

23   expression will only be protected against nearly identical copying."  *Apple Computer*,

24   35 F. 3d at 1444 (internal citations omitted).  In the Ninth Circuit, merger is treated as

25   a defense to copyright infringement.  *Skyy,* 225 F. 3d at 1082.

26        In *Kalpakian*, the court considered two similar jewel encrusted bee pins.  The

27   *Kalpakian* court found merger when it determined that the idea of a jeweled bee pin

28   was only capable of one form of expression.  446 F. 2d at 742; *see also Shaw v.*

1  *Lindheim*, 919 F. 2d 1353, 1360-1 (natural creatures, like the idea of a bee fashioned
2  by a jeweler, "cannot be separated from its expression").

3      Similarly, in *Apple*, the court, finding merger, stated the idea of an icon in a
4  desktop metaphor representing a document stored in a computer program can only be
5  expressed in so many ways." 35 F. 3d at 1444.

6      In this matter, the idea of photographing a human being using their hands to
7  sign "LA" can only be accomplished in one way. Thus, like in *Kalpakian* and *Apple*
8  *Computer*, where the idea and the expression of the idea merge, here, there is a merger
9  between an individual making the LA Sign with their hands and the resulting
10 photograph. 446 F. 2d at 742; 35 F. 3d at 1444. There is simply no other way to take
11 a picture of one's hands so that their fingers form the LA Sign to the viewer.

12     Once merger is determined, Plaintiff's expression will only be protected against
13 nearly identical copying. *Apple Computer*, 35 F. 3d at 1444. As set forth above in
14 Section VI, the images at issue are not substantially similar, let alone virtually
15 identical.

16     Accordingly, as a finding of merger bars Plaintiff's infringement claim,
17 Defendants respectfully request that the Complaint be dismissed as a matter of law.

18     **B.    Plaintiff's Claims Fails Pursuant to the Doctrine of *Scenes a Faire***
19          **and Should be Dismissed**

20     Under the doctrine of *scenes a faire*, "courts will not protect a copyrighted work
21 from infringement if the expression embodied in the work necessarily flows from a
22 commonplace idea; like merger (discussed in Section VII.A above), the rationale is
23 that no one party should have a monopoly on the underlying unprotectable idea."
24 *Skyy*, 225 F. 3d at 1082; *Landsberg v. Scrabble Crossword Game Players, Inc*., 736 F.
25 2d 485, 489 (9th Cir.1984); *See v. Durang*, 711 F. 2d 141, 143 (9th Cir.1983) (per
26 curiam). In the Ninth Circuit, the doctrine of *scenes a faire* is treated as a defense to
27 copyright infringement. *Skyy*, 225 F. 3d at 1082. In *Frybarger v. International*
28 *Business Machines Corp*., 812 F. 2d 525 (9th Cir. 1987) the court explained "when

1  similar features in [works] are as a practical matter indispensable, or at least standard

2  in the treatment of a given [idea], they are treated like ideas and are therefore not

3  protected by copyright." (internal citations omitted.)

4      In other words, an assessment must be made as to "the degree to which the form

5  of the expression is so standard in the treatment of a given idea that constitutes a

6  *scenes a faire*, or a 'scene which must be done.'" *Idema v. Dreamworks, Inc.*, 162 F.

7  Supp. 2d 1129, 1176–77 (C.D. Cal. 2001); *Reece*, 468 F. Supp. at 1205 (dancer's hula

8  outfit and accessories constituted *scenes a faire*); *Bill Diodato Photography, LLC v.*

9  *Kate Spade, LLC,* 388 F. Supp. 2d 382, 392-93 (S. D. N. Y 2005) (standard elements

10 of a pop culture photograph image showing a woman's feet, shoes and handbag do not

11 enjoy copyright protection due to *scenes a faire*).

12     Here, there are elements of Plaintiff's expression of human hands making the

13 LA Sign that are standard to *all* photographs of human hands making the LA Sign.

14 These include the head-on view of the image, the positioning of the hands, shadows

15 created by the fingers and the knuckles and the angles of the fingers.

16     Thus, once the Court applies the defense of *scenes a faire*, Plaintiff will not be

17 able to establish substantial similarity, let alone virtual identity. Accordingly, H&M

18 respectfully requests that the Complaint be dismissed.

19 **VIII.  <u>PLAINTIFF FAILS TO STATE A CLAIM FOR AN ACCOUNTING</u>**

20     Plaintiff's Second Cause of Action for Accounting can be dismissed on three

21 separate grounds: (1) it is preempted by the Copyright Act; (2) Plaintiff fails to

22 properly state a claim; and (3) it is necessarily dependent on the copyright cause of

23 action. For any of these reason, H&M respectfully request the court dismiss

24 Plaintiff's Second Cause of Action for an Accounting.

25     **A.  The Accounting Cause of Action is Preempted by the Copyright Act**

26     Plaintiff's Cause of Action for Accounting must be dismissed because it is

27 preempted by the Copyright Act. "A plaintiff's state law claim must be qualitatively

28 different from a copyright or patent infringement claim or else it is preempted."

1  *Summit Mach. Tool Mfg. Corp. v. Victor CNC Systems, Inc.*, 7 F. 3d 1434, 1439 (9th
2  Cir. 1993).

3      Plaintiff's accounting claim is based on the Plaintiff's Image, which is
4  purportedly covered by the Copyright Act.  Specifically, Plaintiff alleges that H&M
5  received profits and revenues from its wrongful appropriation of Plaintiff's Image.
6  Complaint ¶ 29.  Moreover, Plaintiff requests relief under section 504(b) of the
7  Copyright Act for "any profits attributable to the infringement."  Prayer ¶ 1.  When
8  the essence of the state law claim is the same as that in a copyright action, it is not
9  qualitatively different.  As such Plaintiff's Second Cause of Action for an Accounting
10 is preempted by the Copyright Act and must be dismissed.

11     **B.     Plaintiff Fails to Properly State A Claim For Accounting**

12     Accounting is a state law claim that requires Plaintiff plead (1) the existence of
13 a relationship requiring accounting, such as fiduciary; and (2) unliquidated and
14 unascertained balance is owed.  *St. James Church of Christ Holiness v. Superior*
15 *Court*, 135 Cal. App. 2d 352, 359 (1955); *Raymond v. Independent Growers, Inc.*, 133
16 Cal. App. 2d 154, 160 (1955).  Here, Plaintiff does not, and cannot, plead that H&M
17 and Plaintiff have a fiduciary relationship.  Complaint ¶¶ 29-30.  Thus, this cause of
18 action fails and must be dismissed.

19     **C.     Plaintiff's Accounting Claim is Dependent on the Copyright**
20             **Infringement Claim**

21     As discussed above, the gravamen of Plaintiff's cause of action for an
22 accounting is that H&M "received profits and revenues from its wrongful
23 appropriation" of the photograph."  Complaint ¶ 29.  Because Plaintiff's claim for
24 infringement should be dismissed for the reasons set forth above, Plaintiff's
25 accounting claim should similarly be dismissed as it is based on his copyright
26 infringement claim.

27 ///
28 ///

## IX.   PLAINTIFF FAILS TO STATE A CLAIM FOR STATUTORY DAMAGES, COSTS AND ATTORNEY'S FEES UNDER THE COPYRIGHT ACT

Plaintiff has requested statutory damages under 17 U. S. C. § 504 and for attorneys' fees under 17 U. S. C. § 505.  Prayer ¶¶ 2&3.  H&M respectful requests that the Court dismiss such claims pursuant to 17 U. S. C. § 412(2), as Plaintiff's claims for statutory damages and attorneys' fees fail as a matter of law.  *Cosmetic Ideas, Inc. v. IAC/Interactive Corp.*, 606 F. 3d 612, 619 (9th Cir. 2010) (identifying various incentives/disincentives of registering a work with the Copyright Office).

Under the Copyright Act, Section 504, a copyright owner can elect, in lieu of actual damages and profits, an award of statutory damages.  17 U. S. C. § 504 (c)(1).  Under Section 505, the court in its discretion, may allow the recovery of full costs by or against any party, and may also award reasonable attorney's fees to the prevailing party as part of the costs.  17 U. S. C. § 505.[10]

The Copyright Act, however, prohibits an award of statutory damages and attorneys' fees if the alleged infringing activity began before the copyright is registered: "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for…any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after first publication of the work."  17 U. S. C. § 412(2) (emphasis added); *Derek Andrews, Inc. v. Poof Apparel Corp*, 528 F. 3d 696, 700-701 (9th Cir. 2008).

In the Complaint, the Plaintiff alleges that Plaintiff's Image was first published in 1998.  Complaint ¶ 11.  Plaintiff admits that Plaintiff's Image was not registered with three months of publication.  *Id.* at ¶ 17.  In fact, Plaintiff did not register the

---

[10]  Plaintiff alleges that, at his election, he is entitled to either his actual damages and H&M's profits attributable to the alleged infringement or statutory damages pursuant to 17 U. S. C. § 504, in addition to his costs and attorney's fees pursuant to 17 U. S. C. § 505.

1  copyright in Plaintiff's Image until almost 15 years later or on or about June 7, 2013.
2  *Id.*

3     Plaintiff also alleges that that purported infringement occurred in or about May
4  2013, which is prior to Plaintiff's Image registration date of June 7, 2013.  *Id.* at ¶ 22.
5  Accordingly, pursuant to Section 4012(2), Plaintiff has failed to state a claim for
6  statutory damages and attorneys' fees and H&M's motion to dismiss should be
7  granted.

8  **X.     CONCLUSION**

9     For all the foregoing reasons, H&M respectfully requests that Plaintiff's
10 Complaint be dismissed in its entirety with prejudice.

11

12 Dated:  September 6, 2013                  FOX ROTHSCHILD LLP

13

14                                    By _____
15                                       Staci Jennifer Riordan
                                         Jacqueline Lechtholz-Zey
16                                       Attorneys for Defendant,
                                         H&M HENNES & MAURITZ L.P.

17

18

19

20

21

22

23

24

25

26

27

28